UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BARBARA HIGGINS,              )
            Plaintiff,       )
                             )
        v.                   )      C.A. No. 04-12519-DPW
                             )
MASSACHUSETTS WATER RESOURCES )
AUTHORITY,                   )
            Defendant.       )

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's application to proceed without prepayment of fees is denied without prejudice.  If plaintiff submits a new, fully-completed application to proceed without prepayment of the filing fee, she shall also file a signed copy of her complaint or this action will be subject to dismissal.

BACKGROUND

On October 29, 2004, Barbara Higgins filed an application to proceed without prepayment of the filing fee and a complaint alleging employment discrimination.  Higgins alleges, among other things, that she began her employment with the defendant Massachusetts Water Resources Authority ["MWRA"] at age fifty-two (52) and that over a ten-year period she "applied unsuccessfully for 24 upgraded positions within the Authority."  Compl., p. 1. Plaintiff attaches as an exhibit to her complaint a "Dismissal and Notice of Rights" from the Equal Employment Opportunity Commission ("EEOC").  On

December 6, 2004, plaintiff filed a letter titled "additional information."  <u>See</u> Docket No. 2.

<u>DISCUSSION</u>

I.    Plaintiff Must Pay the Filing Fee
      <u>Or Submit a New, Fully-Completed Application</u>

A party filing a civil action in this Court must either (1) pay the $150 filing fee for civil actions or, (2) if she lacks the funds to pay the filing fee, file an application to proceed without prepayment of the filing fee on the form required by this Court.  <u>See</u> 28 U.S.C. § 1914 (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings <u>in forma pauperis</u>).

Although plaintiff has submitted an application for waiver of the filing fee on the form provided by this Court, she has failed to fully complete and date the application.  She has not dated her application and failed to fully answer questions two and three on the form.  <u>See</u> Application, Docket No. 1.

Question two on the form asks litigants if they are employed.  <u>See</u> Question No. 2.  Although plaintiff reveals the fact that she is employed, she has failed to reveal the name and address of her employer.  <u>See</u> Question No. 2(a).

Question three on the form asks litigants if, during the past twelve months, they have received any money from six

2

sources, and if so, a detailed description of the source of money.  See Question No. 3.  Although plaintiff indicates that she receives $1,200 a month from a pension, annuity or life insurance, she has failed to fully describe the source of this money.  See Question No. 3(c).  Moreover, plaintiff failed to answer Questions 3(a), 3(b), 3(d), 3(e), and 3(f).

Because the application is incomplete, the Court cannot determine whether plaintiff is indigent and qualifies for waiver of the filing fee.  Plaintiff's application will be denied and plaintiff will be granted leave to file a new application.

II.   The Court May Screen this Action

Because plaintiff seeks to file this complaint without prepayment of the filing fee, summonses have not issued in order to allow the Court to review plaintiff's complaint to determine if it satisfies the substantive requirements of the federal in forma pauperis statute.  See 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

3

III. <u>Rule 11</u>

Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading . . . if the party is not represented by an attorney, shall be signed by the party." <u>See</u> Fed. R. Civ. P. Rule 11(a); <u>see</u> <u>also</u> District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of the Federal Rules of Civil Procedure pertaining to the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court.").

Plaintiff failed to sign her complaint.  Therefore, plaintiff will be directed to file with the Court, within thirty-five (35) days of the date of this Order, a copy of the complaint containing plaintiff's original signature.  The Clerk will be directed to provide plaintiff with a copy of the complaint so that plaintiff may sign the last page and return to the Court within thirty-five (35) days of the date of this Order.

IV.  <u>Plaintiff's Letter</u>

On December 6, 2004, plaintiff filed a one-page letter seeking to include additional information.  <u>See</u> Docket No. 2. The Federal Rules of Civil Procedure provide that a "party may amend the party's pleading once as a matter of course at any

4

time before a responsive pleading is served...." Fed. R. Civ.
P. 15(a).  Because defendants have not filed a responsive
pleading, the plaintiff may file, as a matter of course, her
amendment.  <u>See</u> Fed. R. Civ. P. 15(a).

<u>ORDER</u>

ACCORDINGLY, plaintiff's application to proceed without
prepayment of fees is DENIED without prejudice.  If plaintiff
wishes to proceed with this action, she shall, within thirty-
five (35) days of the date of this Order, submit (1) a new
Application to Proceed Without Prepayment of Fees; and (2) a
complaint containing her original signature.  If plaintiff
fails to file a new Application to Proceed Without Prepayment
of Fees, this action will be dismissed without prejudice.

The Clerk is directed to provide plaintiff a copy of the
Complaint so that she may sign the last page and return to the
Court within thirty-five (35) days of the date of this Order.
SO ORDERED.

Dated at Boston, Massachusetts, this <u>13th</u> day of <u>December</u>,
2004.


<u>/s/ Douglas P. Woodlock</u>
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE